IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-cv-2027-RBJ

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

      v.

SONYA D. CAMARCO,

    Defendant,

and

CAMARCO INVESTMENTS, INC. (a/k/a C INVESTMENTS), and
CAMARCO LIVING TRUST,

    Relief Defendants.

## ORDER re MOTIONS FOR SUMMARY JUDGMENT and the SEC's MOTION TO CONVERT JURY TRIAL TO REMEDIES HEARING

The SEC filed this suit on August 23, 2017 alleging that Sonya D. Camarco, a stock broker, defrauded several investor clients out of more than $2.8 million. Camarco Investments, Inc. (a company into which Ms. Camarco allegedly deposited investor funds), Camarco Living Trust (a trust established by Ms. Camarco and her husband Paul Camarco, which allegedly held assets purchased with investor funds), and Mr. Camarco were named as "relief defendants." On May 14, 2018 Ms. Camarco agreed in a state court criminal case to plead guilty to felony counts of filing a false tax return, securities fraud, and theft. She agreed to pay approximately $1.7 million in restitution to the victims.

1

**Summary Judgment Motions.**

The SEC moves for a summary judgment in the present case asserting that Ms. Camarco violated the securities laws. ECF No. 98. In the motion it sought the following relief: (1) a permanent injunction prohibiting Ms. Camarco from violating the securities laws; (2) a determination that "third-tier" civil penalties against her are appropriate; (3) imposition of joint and several liability for disgorgement of $1,503,856.86 against Ms. Camarco and the Camarco Living Trust, subject to offset of any disgorgement paid by Camarco Investments; (4) imposition of joint and several liability for disgorgement of $948,811.19 against Ms. Camarco and Camarco Investments; and (5) an order that Paul Camarco disgorge $73,295.83.[1] ECF No. 98. Ms. Camarco and relief defendants Paul Camarco and the Camarco Living Trust have filed responses. ECF Nos. 108 and 109. Ms. Camarco essentially does not contest the relief sought except as to civil penalties. The relief defendants contend that the relief sought against them punishes them for the crimes of Ms. Camarco and is inequitable.

Separately, relief defendants Paul Camarco and the Camarco Living Trust have filed their own motion for summary judgment, asserting that the relief sought by the SEC has not been authorized by Congress. ECF No. 100. The SEC responds that it is authorized to seek disgorgement from those possessing gains obtained by securities violations. ECF No. 107.

**Motion to Convert Jury Trial.**

The SEC also moves to convert the jury trial scheduled for February 11-15, 2019 into a one-day remedies hearing to be conducted by the Court without a jury. ECF No. 117. The SEC

---

[1] The SEC originally sought an order for disgorgement of $903,631.10 against Ms. Camarco and Camarco Investments, and an order for disgorgement of $118,475.92 against Mr. Camarco. It has now shifted $45,180.09 it previously sought from Mr. Camarco to the money it seeks to disgorge from Ms. Camarco and Camarco Investments. *See* ECF No. 110 at 2 n.2.

2

informs the Court that Ms. Camarco has confessed liability; that the SEC will not, after all, request a civil penalty; and, therefore, that the sole remaining issue to be decided is equitable relief to be ordered against Ms. Camarco and the relief defendants. *Id.* at 2.

Only relief defendants Camarco Living Trust and Paul Camarco have filed an opposition to this motion. ECF No. 118. They argue that even if the relief sought by the SEC were authorized, it amounts to a civil penalty, and the relief defendants are entitled to a jury trial. *Id.* at 2. In reply the SEC contends that it is authorized to seek disgorgement; that disgorgement is an equitable remedy; and that even if it weren't, a jury could only determine *liability* for a civil penalty. But the relief defendants have confessed that they received ill-gotten gains. Therefore, the only remaining issue is the *amount* of the penalty. *See* ECF No. 107 (response to motion for summary judgment) and ECF No. 120 at 1-2 (reply in support of motion to convert).

## CONCLUSIONS

First, Ms. Camarco has admitted liability (and has been sentenced to 20 years in state court). Accordingly, the SEC's motion for summary judgment, ECF No. 98, is GRANTED IN PART and DENIED IN PART. It is granted as to liability against Ms. Camarco. We will determine the scope of the remedies in the hearing that the SEC has requested.

Second, I conclude that the relief defendants' argument concerning the SEC's authority is incorrect, and their motion for summary judgment, ECF No. 100, is DENIED. Relief Defendants cite *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), for the proposition that the Supreme Court suggested without deciding that the SEC lacks the authority to seek the remedy of disgorgement. ECF No. 100 at 8–10. According to the relief defendants, because the Supreme Court left open the question of whether courts possess the authority to order disgorgement, and

3

because nothing in the securities laws expressly permit federal courts to order disgorgement, this Court should refrain from doing so. I cannot agree with relief defendants. If the Supreme Court leaves open a question of law, I must follow settled precedent. Although the Tenth Circuit has yet to rule on the issue since the Supreme Court decided *Kokesh*, at least 15 federal courts have ruled that *Kokesh* did not overrule the long-standing precedent that courts possess authority to order disgorgement in SEC enforcement proceedings. *See SEC v. Liu*, No. 17-CV-55849, 2018 WL 5308171, at *3 (9th Cir. Oct. 25, 2018) (unpublished); *see also SEC v. Flowers*, No. 17-CV-1456, 2018 WL 6062433, at *2 (S.D. Cal. Nov. 19, 2018) (holding that the court retained the equitable power to order disgorgement post-*Kokesh*). After reviewing existing caselaw, it is plain to me that the SEC is entitled to seek disgorgement.

Finally, I conclude that the relief defendants are not entitled to a jury trial. While their argument is not completely baseless,[2] existing precedent classifies disgorgement as an equitable remedy. *SEC v. Maxxon, Inc.*, 465 F.3d 1174, 1179 (10th Cir. 2006) ("Disgorgement is by nature an equitable remedy as to which a trial court is vested with broad discretionary powers."). And, actions in equity do not entitle the parties to a jury. *Manning v. United States*, 146 F.3d 808, 811 (10th Cir. 1998). However, Mr. Camarco argues that much of the money and equity in

---

[2] Relief defendants rest their argument on a footnote in *Kokesh*, which states that "[n]othing in this opinion should be interpreted as an opinion on whether courts possess authority to order disgorgement in SEC enforcement proceedings or on whether courts have properly applied disgorgement principles in this context." *Kokesh*, 137 S. Ct. at 1642 n.3. However, as outlined above, numerous federal courts have rejected the argument that *Kokesh* reclassified disgorgement as a penalty, thus entitling the relief defendants to a jury trial. Instead, federal courts have interpreted *Kokesh* as classifying disgorgement as a penalty only within the meaning of 28 U.S.C. § 2462. *See SEC v. Mapp*, No. 4:16-CV-00246, 2018 WL 3570920, at *7 (E.D. Tex. July 25, 2018) (collecting recent cases and holding that *Kokesh* did not redefine the essential attributes of disgorgement); *see also United States v. Rapower-3, LLC*, No. 2-15-CV-00828-DN, 2018 WL 1573585, at *2 (D. Utah Mar. 13, 2018), *appeal docketed*, No. 18-4150 (10th Cir. Oct. 11, 2018) (holding that the defendant is not entitled to a jury trial because disgorgement is an equitable remedy).

the joint property that the SEC seeks to disgorge came from Mr. Camarco's individual financial contributions. ECF No. 108 at 16. Thus, I will grant Mr. Camarco an opportunity to present evidence that some of the money the SEC wants to disgorge was in fact his own lawfully obtained money. ECF No. 117 is GRANTED.

DATED this 18th day of December, 2018.

By the Court

_____
R. Brooke Jackson
United States District Judge