IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-02027-RBJ

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

SONYA D. CAMARCO,

    Defendant

and

CAMARCO INVESTMENTS, INC. a/k/a C Investments, and
CAMARCO LIVING TRUST, Paul Camarco,

    Relief Defendants.

## SECOND AMENDED FINAL JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the AMENDED REMEDIES ORDER [ECF No. 154] of Judge R. Brooke Jackson entered on October 30, 2019, and the textonly ORDER entered on November 22, 2019 it is ORDERED that

    1. Sonya D. Camarco is permanently enjoined from violating federal and state securities laws.

    2. Paul O. Camarco shall pay to the SEC, as disgorgement, misappropriated funds transferred to him in the amount of $109,927.95.

3. Sonya D. Camarco is liable for disgorgement of misappropriated funds in the amount of $1,526,927.83.

4. Camarco Investments, Inc. is jointly and severally liable with Sonya D. Camarco for $576,516.06 of the $1,526,927.83.  Any amounts paid by Camarco Investments will be credited toward the amount owed by Sonya D. Camarco.

5. The Artwork and the Piano shall be sold for their fair market value.  Regardless whether the Artwork and the Piano are owned by the Trust, or by Camarco Investments, or by Ms. Camarco, the proceeds of their sale are to be disgorged to the SEC.

6. The Camarco Living Trust is jointly and severally liable with Sonya D. Camarco for $865,000 of that amount plus the proceeds of the sale of the Artwork and the Piano if they are owned by the Trust.  Any amounts paid by Camarco Living Trust will be credited toward the amount owed by Sonya D. Camarco.

7. To any extend not already in progress, the Oregon property shall be listed for sale with a licensed commercial real estate professional and sold for its fair market value.  The proceeds shall remain in the Trust until disgorged along with other Trust assets.

8. The Woodhaven property shall immediately be listed for sale with a licensed commercial real estate professional.  The Trust, with the assistance of the real estate professional, shall exercise its best efforts to sell the property to an unrelated third party in an arm's length transaction for fair market value within 120 days.  The deadline may be extended for a reasonable additional period but only if in the opinion of the real estate professional it is necessary to obtain fair market value for the property.

9. The Trust shall pay to the SEC, as disgorgement, the net (of sales costs and any applicable taxes) proceeds of the sales of the four rental properties, minus the amount that may be retained by Mr. Camarco as explained in paragraph 11 below.  In addition, the trust shall pay to the SEC, as disgorgement, 50% of the net proceeds of the sale of the Woodhaven property; plus the net proceeds of the sale of the Artwork and the Piano; plus any other moneys presently held in the Trust's bank accounts.  If the sum of the liquidation of these assets, exclusive of the Artwork and the Piano, exceeds $865,000, the excess will be paid to Paul O. Camarco.

10. 50% of the net proceeds of the sale of the Woodhaven property will be allocated to Paul O. Camarco, provided however that these funds first be applied to his disgorgement obligation of $109,927.95 to any extent that obligation has not by then been satisfied, and only the remainder of these proceeds, if any, shall be paid to him.

11. Because there is no other basis in the record to measure Mr. Camarco's contribution to the purchase of the real properties, the Court orders that he will be paid $38,000 from the proceeds of the sale of the rental properties.  This is a practical but equitable number, as it does not directly reflect any contributions he may have made to the purchase of properties other than his original contribution to the purchase of the Hillary property, but it also is not discounted by the costs incurred in relation to the sales of any of the rental properties.

12. Mr. Camarco may retain as his property the furnishings in the Woodhaven residence (except the Artwork and Piano) and the Google stock inherited from his parents.

13. All disgorged funds will be used to reimburse the victims of Ms. Camarco's theft of investor funds, less any costs necessarily and reasonably incurred in the process of receiving and distributing the funds, but not including any attorney's fees.

14. To any extent that proceeds of the liquidation of Ms. Camarco's SEP IRA accounts might come into the possession of the SEC, those proceeds will be delivered to the appropriate state court personnel for application to her restitution obligation.  To the extent those funds are distributed to the investors identified as victims in this case, they will be deemed an offset to or credit against any remaining amounts owed by Ms. Camarco on her disgorgement obligation in the instant case.  Likewise, any other payments made to state court personnel for application to Ms. Camarco's state court restitution order which are distributed to the investors identified as victims in this case will also be deemed an offset to or credit against any remaining amounts owed by Ms. Camarco on her disgorgement obligation in the instant case.

15. The appropriate state court personnel in the criminal case shall be notified of all amounts disgorged and returned to investors.  This Court believes that all such amounts other than the $109,927.95 disgorged from Mr. Camarco, should be credited against Ms. Camarco's restitution obligation in that court with the approval of the state court.  The parties shall exercise their best efforts to see that this occurs.

16.  For the reasons set forth at ECF Nos. 141, 145 and 145-1, the Court awards prejudgment interest in the amount of $158,522.67 against Sonya Camarco.  The total judgment against Sonya Camarco, therefore, is $1,685,450.50.  The Court declines to award prejudgment interest against Paul Camarco.

17. For purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, any debt for disgorgement or prejudgment interest under the Final Judgment is a debt for the violation of the federal securities laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

Dated at Denver, Colorado this 22nd day of November, 2019.

                        FOR THE COURT:
                        JEFFREY P. COLWELL, CLERK

                        By:    s/ J. Dynes_____
                                J. Dynes
                                Deputy Clerk